### Jack Lane v. The State.

#### No. 4201.   Decided October 25, 1916.

**1.—Using Abusive Language—Information—Different Counts—Pleading.**

Where the information contained three counts, one charging aggravated assault, one simple assault, and the other using abusive language, there was no error in overruling a motion to quash.

**2.—Same—Criminal District Court—Jury—Verdict.**

Where, upon trial of a misdemeanor in the District Court, a jury of twelve men was selected, impaneled and sworn to try the case, and none of them were discharged or excused, for any cause before rendition of the verdict, and the verdict was signed by but nine of the jurors, three failing and refusing to join in the verdict of guilty, the defendant excepting to the verdict at the proper time, which exception the court overruled, the same was reversible error. Following Renfro v. State, recently decided.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of a misdemeanor; penalty, a fine of thirty dollars.

The opinion states the case.

*Harmon & Harmon,* for appellant.—On question of overruling motion to quash: Elkins v. State, 9 S. W. Rep., 491; Ethridge v. State, 172 id., 784.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of information: Foreman v. State, 31 Texas Crim. Rep., 477; Trezevant v. State, 47 id., 502.

HARPER, Judge.—Appellant was tried under an information containing three counts,—one charging aggravated assault, one simple assault, and the other abusive language. The court committed no error in overruling the motion to quash the information. Appellant was convicted under the count charging him with the use of abusive language, and his punishment assessed at a fine of $30.

Several questions are raised, but we do not deem it necessary to discuss but one of them. This is a misdemeanor, tried in the Criminal District Court of Dallas County. A jury of twelve men were selected, empanaled and sworn to try the case. None of them were discharged or excused for any cause before rendition of the verdict. The verdict

was signed by but nine of the jurors,—three failing and refusing to join in the verdict of guilty. Appellant reserved a bill to the reception of this verdict, he contending that it must be joined in by all the jurors empaneled and not discharged or excused. This question is discussed and decided in the case of Renfro v. State, No. 4176, this day handed down, and in accordance with the opinion there rendered, this case must be reversed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*